UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case number 4:06cv0131TCM ) |
| ROOSEVELT CLEMONS, Jr., et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This interpleader action is before the Court on the unopposed motion of defendant and cross-claimant Roosevelt Clemons, Jr. ("Clemons"), for default judgment. The Court held a hearing on this motion on September 27, 2006, heard testimony from Clemons, and admitted his proffered exhibits. Based on the evidence adduced at that hearing and on the pleadings of record, the Court finds as follows.

1. Roosevelt Clemons, Sr., was a participant in the Hourly General Motors Life and Disability Benefits Program and was enrolled in the Program for $19,618.00 in life insurance benefits. Metropolitan Life Insurance Company issued the group insurance policy that funded this Program.

2. On April 15, 2005, Roosevelt Clemons, Sr., signed a designation of beneficiary form naming his adult son, Clemons, and one of his two, adult daughters, Beverly J. Searcy ("Beverly"), as beneficiaries of his life insurance benefits. Clemons was named as a 75% beneficiary and Beverly was named as a 25% beneficiary. Crystal Searcy, the second daughter of Roosevelt Clemons, Sr., was named as a contingent beneficiary. This designation of beneficiary was received on July 1, 2005.

3. A prior designation of beneficiary form executed by Roosevelt Clemons, Sr., had designated his three children as equal beneficiaries.

4. Roosevelt Clemons, Sr., was of sound mind and body when he signed the April 2005 designation of beneficiary form.

5. Roosevelt Clemons, Sr., died on May 23, 2005. He was divorced and had no heirs other than his three adult children.

6. On May 24, 2005, Clemons signed a form assigning the amount of $7,784.61 from the life insurance proceeds due him under his father's General Motors life insurance policy to the Funeral Funding Center to pay Austin A. Layne Mortuary, Inc., for Roosevelt Clemons, Sr.'s funeral expenses.

7. Prior to signing the form, Clemons and Beverly Searcy had agreed that they would pay for their father's funeral in direct proportion to their respective percentages of his General Motors life insurance policy, i.e., Clemons would pay for 75% of the expenses and Beverly Searcy would pay for 25%.

8. Austin A. Layne Mortuary, Inc., has been paid in full for the funeral of Roosevelt Clemons, Sr., and is owed no further monies for that funeral.

9. Beverly Searcy has not paid Clemons 25% of the funeral expenses as agreed.

10. Clemons testified that Beverly Searcy owes him $1,720.12 for her agreed-upon share of the funeral expenses.

11. Clemons requests in his cross-claim a judgment in the amount of $1,720.12 against Beverly Searcy and a finding that (a) Beverly Searcy is entitled to 25% of the life insurance proceeds and (b) Crystal Searcy is not entitled to any of the proceeds.

12. Metropolitan Life Insurance Company has paid into the Registry of the Court the sum of $8,682.79. Metropolitan Life Insurance Company has also paid Beverly Searcy 25% of the life insurance proceeds plus interest.

13. By Order of July 11, 2006, the Court dismissed Metropolitan Life Insurance Company with prejudice and discharged Metropolitan Life Insurance Company from further liability to all Defendants with respect to the group life insurance policy at issue.

14. The only remaining issue is the respective claims of Clemons, Beverly Searcy, and Crystal Searcy to the life insurance proceeds and the cross-claim of Clemons against Beverly Searcy for 25% of the funeral expenses of Roosevelt Clemons, Sr.

15. On August 31, 2006, a default was entered against Beverly Searcy and Crystal Searcy on Clemons' cross-claim.

16. Clemons is entitled to the entire sum of interpleaded funds plus interest, less any administrative fees.

17. Clemons is entitled to judgment against Beverly Searcy in the amount of $1,720.12, plus post-judgment interest at the legal rate.

Based on the foregoing findings,

**IT IS HEREBY ORDERED** that the motion of default judgment by Roosevelt Clemons, Jr., is **GRANTED**. [Doc. 46]

**IT IS FURTHER ORDERED** that Roosevelt Clemons, Jr., is to file a proposed pay-out order within ten (10) days of the date of this Memorandum and Order.

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III

UNITED STATES MAGISTRATE JUDGE

Dated this <u>29th</u> day of September, 2006.